UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

APOLLO JOHNSON,

        Plaintiff,                                       Case No. 2:12-CV-365

v.                                                          Hon. Gordon J. Quist

MICHAEL MARTIN, et al.,

        Defendants.
                                     /

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On January 14, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R) in which he recommends granting Defendants' motion for summary judgment as to Defendant Bolton and denying it in part as to Defendant Martin. Plaintiff and Defendants have filed objections. Having conducted a *de novo* review of the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part and that Defendants' motion should be granted.

In his complaint, Plaintiff alleges that, during his incarceration, he learned that his father is Jewish, and thereafter began studying the laws of Judaism. Plaintiff further alleges that his requests that he be placed on the Kosher diet and provided with religious reading material were denied, and that this violated his rights under the Religious Land Use and Institutional Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, the First Amendment, and the Fourteenth Amendment. Defendants moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative

remedies against Defendant Martin for the claim regarding access to religious reading material, and on the merits as to the remaining claims. Plaintiff did not respond to Defendants' motion. The magistrate judge recommended granting summary judgment on the claims related to religious reading material and the claims under the Fourteenth Amendment, but allowing Plaintiff to proceed on his RLUIPA and First Amendment claims related to the Kosher diet.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "However, the party opposing the motion may not rely solely on the pleadings . . . ; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).

"A prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). The central factor in determining whether a religious belief is entitled to free exercise protection is whether the belief is sincerely held. *Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). "[U]nder RLUIPA, prison officials are to focus their inquiries on 'the sincerity of a prisoner's professed religiosity.'" *Id.*

In their summary judgment motion, Defendants argued that Plaintiff's religious beliefs are

not sincerely held. Plaintiff never responded to that motion or provided any evidence to refute Defendants' argument. Defendants now argue that Plaintiff's failure to provide any evidence of a sincerely held belief is fatal to his claim.

The Court agrees that Plaintiff has failed to sustain his burden. As the magistrate judge noted, Defendants' contentions are insufficient to demonstrate that Plaintiff's beliefs are not sincerely held. "Nevertheless, the moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only show that there is an absence of evidence to support the nonmoving party's case." *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004) (internal quotations omitted).[1] Plaintiff has merely alleged that he is Jewish — he has not provided an affidavit or other evidence of a sincerely held religious belief. As the party with the burden of proof, Plaintiff may not rely on an allegation in the complaint to defeat summary judgment. *See Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001) ("[T]he party opposing the [summary judgment] motion may not rely solely on the pleadings."). Moreover, although the pleadings of a pro se plaintiff are construed liberally, Plaintiff's pro se status does not relieve him of the obligation to provide evidence to defeat summary judgment. *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (internal citations omitted) ("The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage.").

In the months between when Defendants filed their summary judgment motion and the magistrate issued the R & R, Plaintiff did nothing to refute Defendants' arguments nor advance his case. He has failed to provide any evidence that he has a sincerely held religious belief that requires

---

[1] Defendants presented this specific argument – that Plaintiff failed to come forward with evidence of a sincerely held belief – for the first time in their objections. Because Defendants could not know that Plaintiff would not respond to their motion for summary judgment, the argument was never presented to the magistrate judge.

3

accommodation.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims under the First Amendment and RLUIPA.

Plaintiff has filed several objections to the R & R.  Plaintiff argues that he exhausted all claims against Defendant Martin, and that Defendant Bolton was involved in the decision to deny Plaintiff Kosher meals.  Even if Plaintiff's factual allegations are true, however, it is of no moment.  Because Plaintiff has failed to provide evidence necessary to defeat Defendants' motion for summary judgment, his claims must fail.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 14, 2013 (dkt. # 19), is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of the Court.  The Report and Recommendation is adopted as it pertains to granting summary judgment and rejected as it pertains to denying summary judgment.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 17) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Court concludes that an appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate judgment will issue.


Dated:  February 12, 2014              /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE